No. 3603

Second Circuit

(Second Division)

FLORSHEIM v. PENN ET AL.

(June 11, 1931. Opinion and Decree.)

Cook & Cook and C. D. Egan, of Shreveport, attorneys for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendants, appellants.

CULPEPPER, J. This suit involves a claim for rent and cancellation of contract of lease. Plaintiff and defendants entered

into a written contract dated February 1, 1928, wherein plaintiff leased to defendants 75 acres with buildings and improvements, being part of Rose Hill farm, in Caddo parish, for a period of three years beginning February 1, 1928, at a stipulated monthly rental of $40 for the first eleven months and $50 a month for the remaining period, payable at the end of each month. The contract contains a clause stipulating: "If the lessees * * * shall fail to pay rents for three consecutive months when due, then and in that event all remaining installments for rent shall become due and payable at the option of the lessor." It also contains a clause providing that "the lessees obligate themselves to pay all rents promptly, make all repairs at their expense, keep property in good repair. * * *"

Plaintiff alleges in petition, after setting forth the contract and the terms and stipulations therein, that under the terms of the contract the total rental due from the beginning of the lease to the end of November, 1928, amounted to $400; that lessees have paid a total of only $270, of which amount $30 was represented by check given July 14, 1928, which check was dishonored when presented to the bank for payment and returned to plaintiff for lack of sufficient funds, and therefore the actual total amount paid was only $240; that there is now past due and unpaid the sum of $160, same being for rent for August, September, October, and November, 1928. It will be noted that this suit was filed on November 22, 1928.

Plaintiff further sets forth in petition that she desires to avail herself of the provision of the lease which authorizes her to declare the entire amount of rent due and payable for the entire three-year period of the lease, for the alleged reason that defendants have failed to pay rents for three consecutive months. And, so availing herself of said provision of the contract, plaintiff alleges defendants owe her, and same is past due, the additional sum of $1,290 over and above the $160 already alleged upon, making a total amount past due and unpaid of $1,450.

Plaintiff prayed for and obtained an order of provisional seizure of the movable effects belonging to defendants upon the leased premises.

Defendants moved to dissolve the seizure upon the alleged grounds: That defendants owed no rents; that they hold receipts for each month except the month of April, which month was paid in cash but received no receipt for same; that the seizure was illegal and should be dissolved. Defendants set forth numerous other grounds in support of the motion, and pray for damages, for labor and improvement, and attorney's fees, aggregating $1,000. The motion was referred to the merits by the court, whereupon defendants filed answer of general denial, averred all rents had been paid, part in cash and balance in improvement placed on premises. They aver that the $30 check of July 14, 1928, described in petition should have been honored by the bank for the reason that defendants had sufficient funds in the bank to cover, and furthermore defendants had offered to make check good several times by offering to pay plaintiff the cash through her agent, Marks Meyer, in charge of the collections for plaintiff, but said Meyer refused on each occasion to surrender the check. They aver they have receipts showing payments of rents regularly for each month; that some of the receipts show for less than $40, but in such

instances the difference was always accounted for in labor and improvements, which was agreed upon by defendants and said agent at the time. Defendants allege they placed improvements upon the property amounting to $100 for which they received no credit on rent. They claim reimbursement for that amount, together with $500 for mental worry caused one of the defendants, Mrs. Clarence M. Penn, time lost, etc., on account of the suit, $150 for attorney's fees, and $250 for alleged breach of the contract by plaintiff, all aggregating $1,000.

The case went to trial upon the issues thus presented, resulting in a judgment in favor of plaintiff for $1,430, rejecting the demands of defendant, sustaining the provisional seizure, and ordering the sale of the seized property. Whereupon defendants filed a motion for new trial and rehearing; same was tried, and a new trial refused, but rehearing granted. Rehearing was had, submitted, and judgment thereon was rendered in favor of plaintiff and against the defendants in solido for $100, with legal interest from October 31, 1928, reserving to plaintiff the right to sue for balance due under the lease. The demands of defendants were rejected; the provisional seizure maintained and ordered enforced. From this judgment defendants have appealed.

## MERITS

The rent receipts referred to in the pleadings, testimony, and briefs filed, and which the transcript shows were marked and filed in evidence in connection with the testimony, do not appear in the record as brought up to this court. The clerk in his index to the record states the offerings of defendants, other than the one marked "D-5," which is defendants' bank statement, could not be located, notwithstanding diligent search. While plaintiff's petition alleges the rent started February 1, 1928, Marks Meyer, plaintiff's agent in negotiating the lease contract and who collected the rents for plaintiff, testified that the rent did not actually begin until the 15th of that month. The payments according to the receipts show to have been made in amounts and on dates as follows:

$20 paid on or before February 1, for rent to March 1st.
40 paid April 2.
20 paid June 5.
40 paid July 31.
40 paid September 1.
40 paid October 1.
40 paid November 1.
___
$240 total called for by receipts.

Mr. Meyer testified that there were no other or further payments made, except that Mr. Penn, one of the defendants, gave him a check on July 14th for $30 on which payment was refused by the bank for lack of sufficient funds. Mr. Penn testified he paid Mr. Meyer at the latter's home $40 in cash on April 29th, for which no receipt was given, for the reason that Meyer said he was too nervous to write on account of being sick at the time; that he promised to furnish Penn a receipt as soon as he was able to go to his store, but never did do so. Meyer denies having received the $40. One affirms and the other denies. The court saw and heard them testify. It appears that the judge refused to allow credit for this $40, and we shall be governed by his decision on this point. The amount called for by the $30 check was also properly disallowed by the court, in view, no

doubt, of the circumstances in that connection.

The accruals on rents from February 15 to November 1 aggregate $340. The total payments for that period were $240. This left a balance due to November 1 of $100. The judgment of the lower court was for that amount, which we think is correct. Rent for November was not due until the last of the month, and the judge properly rejected the claim for that month, inasmuch as his final decision was to reject plaintiff's claim for all subsequent rentals under the contract. Plaintiff has abandoned her claim for these subsequent rents on appeal; hence it is unnecessary for this court to go into that question.

Regarding the demands of defendant for damages, attorney's fees, and improvements, the testimony, we think, as did the lower court, is insufficient in support thereof to warrant any award on same. The district judge heard all the evidence, pro and con, on these demands, and rejected them in toto. We see no reason to disagree with him on any of the points raised. The same is true with reference to defendants' claim for credits on rents for alleged labor and improvements. Plaintiff's agent, Meyer, testified that the reason he reduced the rents for the first eleven months from $50 to $40 in the contract was to allow for improvements to be made. This amount would run to $110. The contract itself specially provides that the lessees shall make all improvements at their own expense. It is admitted that Mr. Meyer himself had the windows repaired at his expense. And he testifies he furnished lessees with a sink and offered them a bathtub, but they never did come for it.

We think the judgment appealed from is correct, and same is therefore affirmed.